Omid E. Khalifeh, SBN 267340
Ariana Santoro, SBN 300767
Lara A.P. Murphy, SBN 318475
Louise Jillian Paris, SBN 347801
**OMNI LEGAL GROUP**
10880 Wilshire Blvd. Ste. 1860
Los Angeles, CA 90024
Phone: 310.276.6664
Facsimile: 310.305.1550
omid@omnilg.com
ariana@omnilg.com
lara@omnilg.com
jillian@omnilg.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HILLSTONE LAW, PC,** a California professional corporation,<br><br>Plaintiff,<br><br>v.<br><br>**HILLSTONE PARTNERS INSURANCE AGENCY LLC,** a limited liability company; and DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 2:26-cv-12503<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>**1. Federal Trademark Infringement, 15 U.S.C. § 1114;**<br>**2. False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a);**<br>**3. California Common-Law Trademark Infringement and Unfair Competition.**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Hillstone Law, PC ("Hillstone Law" or "Plaintiff"), for its Complaint against Defendant Hillstone Partners Insurance Agency LLC ("Hillstone Partners" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement, false designation of origin, and unfair competition arising from Defendant's use of the designation HILLSTONE PARTNERS INSURANCE AGENCY and related HILLSTONE-formative branding (collectively, the "Infringing Marks") in connection with insurance brokerage and related services.

2. Since at least 2015, Plaintiff has continuously used the designation HILLSTONE LAW (the "Senior Mark") in commerce to identify and distinguish its legal services. Through that use, Plaintiff has developed valuable goodwill and protectable common-law trademark rights in the Senior Mark.

3. Defendant adopted and has used the Infringing Marks years after Plaintiff's adoption and use of the Senior Mark. Defendant's use is likely to cause consumers, referral sources, and business partners to mistake Defendant for Plaintiff or to assume that Defendant's services are affiliated with, sponsored by, endorsed by, or otherwise connected with Plaintiff.

4. Despite Plaintiff's attempts to resolve this matter informally, Defendant persists in its unlawful conduct. As a result, Plaintiff seeks injunctive relief, Defendant's profits, Plaintiff's damages, corrective relief, costs, and such further relief as the Court deems proper.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's federal claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiff's related state-law claim under 28 U.S.C. §

1367(a).

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in California, maintains an address in this District, markets its insurance services to persons and businesses in this District, and committed the acts alleged herein within this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendant resides in this District for venue purposes.

## **PARTIES**

8. Plaintiff Hillstone Law, PC is a California professional corporation with its principal place of business at 10880 Wilshire Boulevard, Suite 2070, Los Angeles, California 90024.

9. On information and belief, Defendant Hillstone Partners Insurance Agency LLC is a limited liability company that does business from 16133 Ventura Boulevard, Suite 1160, Encino, California 91436. Defendant offers commercial insurance brokerage and related insurance services, including through the website hillstoneinsurance.com.

10. Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive (individually, a "Doe Defendant" and collectively, "Doe Defendants"). Plaintiff will amend this Complaint to allege the Doe Defendants' true names and capacities when ascertained. Plaintiff is informed and believes, and on that basis alleges, that each Doe Defendant participated in or is responsible in some manner for the acts alleged herein.

11. Any reference to Defendants shall refer to each named Defendant and all Doe Defendants, and to each of them. Any reference to a particular Defendant shall refer to the named Defendant only.

12. On information and belief, Defendants are responsible for their acts and

for their conduct, which are the true legal causes of the damages herein alleged.

## FACTUAL ALLEGATIONS

### A. Plaintiff's Mark, Use, and Priority

13. Since at least 2015, Plaintiff has continuously and exclusively used **HILLSTONE LAW** in commerce to identify and distinguish Plaintiff's legal services. Plaintiff's use began years before Defendant's claimed adoption and use of its Infringing Marks.

14. Plaintiff uses the Senior Mark in the ordinary course of its legal-services business, including in connection with Plaintiff's website, online presence, referral relationships, client communications, advertising, and marketing. True and correct representative dated specimens evidencing Plaintiff's use of the Senior Mark are attached as **Exhibit A**.

15. Through Plaintiff's longstanding and continuous use, consumers, referral sources, and others in the marketplace have come to recognize HILLSTONE LAW as identifying Plaintiff and Plaintiff's legal services. The Senior Mark therefore embodies substantial goodwill and serves as a source identifier for Plaintiff.

16. Plaintiff's common law rights in the Senior Mark arise from extensive and continuous use in commerce, predate its application to register the mark, and long predate Defendant's adoptions and use of the Infringing Marks. On January 30, 2026, Plaintiff filed U.S. Trademark Application Serial No. 99624987 (the "Application") for "HILLSTONE LAW" in International Class 45 for "Legal services; Attorney services." On September 29, 2026, Plaintiff obtained U.S. Registration No. 8467645 for the Senior Mark based on the Application (the "Registration"). A true and correct copy of the Registration is attached as **Exhibit B**.

### B. Defendant's Junior Use and Trademark Filing

17. Defendant uses the designation **HILLSTONE PARTNERS INSURANCE AGENCY** in connection with commercial insurance brokerage and related insurance services. Defendant promotes its services through, among other channels, the website hillstoneinsurance.com and other digital-facing marketing. True and correct representative captures of Defendant's website, online promotion, social-media presence, directory listings, and other public-facing uses of the Infringing Marks are attached as **Exhibit C**.

18. On March 20, 2026, Defendant filed U.S. Trademark Application Serial No. 99715029 for "HILLSTONE PARTNERS INSURANCE AGENCY LLC" in connection with insurance services (the "Infringing Application"). A true and correct copy of the Infringing Application is attached as **Exhibit D**.

19. On information and belief, in the Infringing Application, Defendant claims a first-use date of January 1, 2025. That claimed date is approximately a decade after Plaintiff's first use of the Senior Mark.

### C. Similarity of the Marks and Likelihood of Confusion

20. The parties' respective designations share the identical, leading, and prominent term **HILLSTONE**. HILLSTONE is the first term consumers encounter in HILLSTONE LAW and HILLSTONE PARTNERS INSURANCE AGENCY and is the term most likely to be remembered and used in abbreviated oral and online references.

21. The remaining wording does not meaningfully dispel the parties' similar commercial impression. "LAW" identifies Plaintiff's field of services and is disclaimed in Plaintiff's Registration. "PARTNERS INSURANCE AGENCY" identifies or describes Defendant's organizational structure and field of services. "PARTNERS" and "INSURANCE AGENCY" are likewise disclaimed in Defendant's Infringing Application. In ordinary marketplace use, those additional

terms are less prominent than the common and dominant HILLSTONE term.

22. The parties' services are complementary professional services that operate in related commercial contexts. Legal and insurance services commonly intersect in matters involving liability exposure, claims, risk management, regulatory compliance, coverage questions, dispute resolution, and business counseling. Consumers, business owners, referral sources, and professional-service providers could reasonably believe that entities using the same dominant HILLSTONE designation are affiliated or offer coordinated services.

23. The parties also use overlapping marketing channels. Both are located in the Los Angeles area. Both are also accessible online, and consumers often encounter businesses through search results, online referrals, social media, directory listings, email communications, and abbreviated name references. In those settings, consumers may encounter the HILLSTONE portion of each party's designation before viewing the full business name or fully understanding the particular services offered.

24. Defendant's public-facing branding prominently features the HILLSTONE designation in connection with professional services. In combination with the parties' shared HILLSTONE designation, overlapping online marketing channels, and related professional-service contexts, Defendant's branding reinforces a similar commercial impression and creates a likelihood that consumers will perceive an affiliation or connection between the parties. True and correct copies of the parties' comparative public-facing materials are attached as **Exhibit E**.

25. Defendant's use of the Infringing Marks is likely to cause initial-interest and affiliation confusion even where some consumers may later learn that Plaintiff provides legal services and Defendant provides insurance services. The relevant risk includes confusion as to whether the parties are commonly owned, associated, sponsored, endorsed, or part of a coordinated professional-services platform.

26. Plaintiff has also experienced actual instances of consumer confusion resulting from Defendant's use of the HILLSTONE designation. Specifically, third parties have mistakenly believed that Defendant was affiliated with, associated with, or otherwise connected to Plaintiff, or have otherwise confused the parties and their respective businesses. True and correct representative evidence of such actual confusion is attached hereto as **Exhibit F.**

**D. Notice, Defendant's Response, and Continued Use**

27. Plaintiff first notified Defendant of Plaintiff's prior rights to the Senior Mark and objection to Defendant's use of the Infringing Marks in a cease-and-desist letter dated February 9, 2026. A true and correct copy of that letter is attached as **Exhibit G**.

28. Defendant's counsel responded in a letter dated February 24, 2026. Defendant disputed the likelihood of confusion, relied on the differences between legal and insurance services, asserted that the parties could coexist, and stated that it considered the matter closed. A true and correct copy of Defendant's response is attached as **Exhibit H**.

29. Plaintiff sent a further cease-and-desist letter dated April 28, 2026, setting out Plaintiff's prior use, Defendant's junior use, the parties' shared HILLSTONE designation, the risk of affiliation confusion, and Plaintiff's demand that Defendant cease the challenged use. A true and correct copy of that letter is attached as **Exhibit I**.

30. Defendant therefore had actual notice of Plaintiff's claimed prior rights no later than February 24, 2026, and Plaintiff provided further notice on April 28, 2026.

31. On information and belief, Defendant has continued its challenged use of the Infringing Marks after receiving notice. Defendant's continued use is intentional and willful, or at minimum deliberate and in conscious disregard of

Plaintiff's rights.

32. Defendant's acts have caused and, unless enjoined, will continue to cause Plaintiff irreparable harm, including injury to Plaintiff's goodwill, loss of control over Plaintiff's reputation, actual consumer confusion, and an ongoing likelihood of further confusion concerning source, affiliation, sponsorship, or endorsement.

33. Additionally, Defendant's quality control standards, if any, are unknown to Plaintiff but, at a minimum, Plaintiff lacks the ability to control such standards. Defendant's conduct therefore holds a great potential to not only cause Plaintiff a loss of sales, but also to harm Plaintiff's goodwill and diminish the value of the Senior Mark.

34. Plaintiff has no adequate remedy at law for the continuing loss of control over its goodwill and reputation. Unless Defendant is restrained, the confusion and resulting injury to Plaintiff will continue.

## FIRST CLAIM FOR RELIEF

## Federal Trademark Infringement

## 15 U.S.C. § 1114

## Against All Defendants

35. Plaintiff incorporates by reference paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is the owner of the Registration for the Senior Mark in International Class 45 for "Legal services; Attorney services." The Registration is valid and subsisting and constitutes prima facie evidence of the validity of the Senior Mark, Plaintiff's ownership thereof, and Plaintiff's exclusive right to use the Senior Mark in commerce in connection with the services identified in the Registration.

37. Defendant has, without Plaintiff's consent, used and continues to use in commerce the Infringing Marks in connection with the advertising, promotion,

offering, and provision of Defendant's services.

38. Defendant's use of the Infringing Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, sponsorship, or approval of Defendant's services and constitutes infringement of Plaintiff's federally registered Senior Mark in violation of 15 U.S.C. § 1114.

39. Defendant's acts have caused and, unless restrained, will continue to cause Plaintiff damage and irreparable injury, including injury to Plaintiff's goodwill and loss of control over its reputation and Senior Mark.

40. On information and belief, Defendant has continued its infringing conduct despite actual notice of Plaintiff's prior rights in the Senior Mark. Defendant's infringement is therefore intentional and willful, or at minimum deliberate and in conscious disregard of Plaintiff's rights.

41. Plaintiff is entitled to injunctive relief, Defendant's profits, Plaintiff's damages, costs, and, upon proof of an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1116 and 1117.

## SECOND CLAIM FOR RELIEF

## False Designation of Origin and Unfair Competition

## 15 U.S.C. § 1125(a)

## Against All Defendants

42. Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff owns valid and protectable common-law rights in the Senior Mark by virtue of Plaintiff's prior and continuous use of that mark in commerce in connection with legal services since at least as early as 2015. Plaintiff is the sole owner of all right and title to the Senior Mark.

44. Plaintiff's Registration constitutes prima facie evidence of the validity of the Senior Mark.

45. Notwithstanding Plaintiff's preexisting valid and enforceable rights in its Senior Mark, Defendant has adopted, used, and continues to use in commerce the Infringing Marks in connection with insurance brokerage and related services without Plaintiff's authorization.

46. Defendant's use is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's services by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

47. The likelihood of confusion is supported, among other things, by the parties' use of the identical and prominent HILLSTONE term; the similarity in the overall commercial impression of their designations; the complementary relationship of the parties' professional services; the overlap in geographic, online, and referral-based marketing channels; documented instances of actual confusion; Defendant's public-facing presentation; and Defendant's continued use after actual notice of Plaintiff's asserted prior rights.

48. Defendant's acts have caused Plaintiff damage and, unless restrained, will continue to cause Plaintiff damage, the precise amount of which shall be established by Plaintiff at trial.

49. On information and belief, because Defendant committed the acts alleged above with knowledge of Plaintiff's prior rights to, and use of, the Senior Mark, and with the intent to trade on Plaintiff's trademark and goodwill, Plaintiff is entitled to an award of enhanced damages.

50. Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's business, reputation, and goodwill in its Senior Mark, which cannot be adequately remedied by monetary damages, leaving Plaintiff with no adequate remedy at law.

51. Plaintiff is entitled to injunctive relief, Defendant's profits, damages, costs, and, upon proof of an exceptional case, reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## THIRD CLAIM FOR RELIEF

## California Common-Law Trademark Infringement and Unfair Competition

## Against All Defendants

52. Plaintiff incorporates by reference paragraphs 1 through 51 as though fully set forth herein.

53. Plaintiff has prior, valid, and protectable common-law rights in the Senior Mark in California.

54. Defendant's unauthorized use of Infringing Marks is likely to confuse consumers and others as to the source, affiliation, sponsorship, endorsement, or approval of Defendant's services.

55. Defendant's conduct constitutes trademark infringement and unfair competition under California common law.

56. Defendant's conduct has damaged Plaintiff and will continue to damage Plaintiff unless enjoined. Plaintiff is entitled to injunctive relief, damages, Defendant's profits to the extent permitted by law, costs, and other appropriate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

A. For a declaration that Defendant's use of the Infringing Marks, in the manner alleged herein, is likely to cause confusion with Plaintiff's Senior Mark;

B. For a preliminary and permanent injunction requiring that Defendants and all persons, firms, or entities acting in concert with them:

1. Be enjoined and restrained from using the Infringing Marks or any other designation, mark, domain name, or branding that is confusingly similar to the Senior Mark or gives rise to a likelihood of confusion, mistake, or deception with respect to Plaintiff's Senior Mark;

2. Be enjoined and restrained from doing any act or thing likely to induce the mistaken belief that Defendants or its products and/or services or business, are in anyway approved by or affiliated, connected, or associated with Plaintiff, Plaintiff's Senior Mark, or Plaintiff's products and/or services;

3. Remove the Infringing Marks and confusingly similar branding from its websites, social-media accounts, online directories, advertising, marketing materials, email signatures, and other public-facing materials; and

4. Be enjoined and restrained from unfairly competing with Plaintiff in any manner whatsoever or causing injury to the business reputation of Plaintiff;

C. For an order requiring Defendants to deliver for destruction or other disposition, as the Court directs, all materials bearing the Infringing Marks or branding that is confusingly similar to Plaintiff's Senior Mark;

D. For an order requiring Defendants to file with this Court and serve upon Plaintiff, within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of products and/or services under the Infringing Marks or any designation that is confusingly similar to Plaintiff's Senior Mark, and removing all images of Infringing Marks or any designation that is confusingly similar to Plaintiff's Senior Mark from websites controlled by Defendants;

E. For an accounting of Defendant's profits attributable to the conduct alleged herein, and an award to Plaintiff of Defendant's profits, Plaintiff's damages, and costs under 15 U.S.C. § 1117;

F. For enhanced monetary relief as permitted by law upon proof of willful infringement;

G. For reasonable attorneys' fees under 15 U.S.C. § 1117(a) if this is found to be an exceptional case;

H. For prejudgment and post-judgment interest as allowed by law; and

I. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th day of October, 2026.

**OMNI LEGAL GROUP**

/s/ Omid E. Khalifeh
Omid E. Khalifeh
Ariana Santoro
Lara A.P. Murphy
Louise Jillian Paris
Attorneys for Plaintiff